FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -2  PM 4: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD JAMES ROSETTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3652** |
| **JERRY LARPENTER** | **SECTION "R" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Edward James Rosette, was incarcerated at the East Carroll Detention Center, Lake Providence, Louisiana, at the time he filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Terrebonne Parish Sheriff Jerry Larpenter. In his complaint, plaintiff claims that he was knocked unconscious when he tripped in a doorway.

Plaintiff filed this lawsuit *in forma pauperis*.[1] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the

---

[1] Rec. Docs. 2 and 3.

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

In the complaint, plaintiff stated his claim as follows:

I was attending court, shackled & bond when I went into the holding tank for inmates something in the doorway trip me down I fell & was knocked out, when I came through I was back at the jail. So they couldn't do anything at the nurses station. As a result they call Acadian Amblance they tranfeered me to Chabert Med. Cnt.[3]

From that statement of his claim, the Court inferred that plaintiff was attempting to assert a "slip and fall" claim. However, in order to give plaintiff an opportunity to better clarify the nature and factual basis of his claim, the Court scheduled a Spears hearing in this matter for November 3, 2005.[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989). Upon being notified by jail officials that plaintiff had been released from incarceration, the Court subsequently had to cancel that hearing. Because plaintiff has not filed a change of address with this Court and his whereabouts are currently

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Rec. Doc. 1, p. 3.

[4] Rec. Doc. 5.

unknown, the hearing cannot be rescheduled. In light of that fact, the Court must decide this case based solely based on the information contained in the complaint.

To the extent that plaintiff is indeed attempting to assert a "slip and fall" negligence claim, such a claim is not cognizable under 42 U.S.C. § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983. Id. at 328. Rejecting the inmate's claims, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the

>  Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted). Similarly, the Fifth Circuit has expressly noted that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (rejecting claim of prisoner whose ring was damaged after she slipped on a wet floor). Accordingly, plaintiff's "slip and fall" negligence claim is not cognizable in a § 1983 action.

To the extent that plaintiff may be attempting to assert some other type of claim, his complaint fails to state a cognizable claim against Sheriff Larpenter, the sole named defendant, in either his individual or official capacity.

Plaintiff's allegations are clearly insufficient to state an individual-capacity claim against Larpenter. The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). In the complaint, plaintiff makes no allegations whatsoever that Larpenter was personally involved in plaintiff's fall or in the events which followed. Without such personal involvement, Larpenter cannot be held liable in his individual capacity. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").[5]

---

[5] Moreover, Larpenter cannot be held liable based solely on his supervisory position. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott,

Plaintiff also has failed to state an official-capacity claim against Larpenter. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Larpenter would in reality be a claim against the local governmental entity he serves, the Terrebonne Parish Sheriff's Office. However, in order to hold a local governmental entity accountable for a constitutional violation, a plaintiff must show that (1) an employee of the local governmental entity violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violation resulted from an official policy or custom adopted or maintained by the Terrebonne Parish Sheriff's Office. Accordingly, plaintiff has failed to state an official-capacity claim.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ day of November, 2005.

_____<br>
SALLY SHUSHAN<br>
UNITED STATES MAGISTRATE JUDGE